UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sheryl Soderdahl,<br><br>         Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.,<br><br>         Defendant. | Case No. 07 C 6901<br><br>Judge: Shadur<br><br>Designated Magistrate Judge: Keys<br><br>**PLAINTIFF'S MOTION TO RECOVER SERVICE EXPENSES** |

Now comes Plaintiff, by and through counsel, and respectfully requests that this Court order Defendant to reimburse Plaintiff for costs and reasonable attorney's fees incurred in perfecting service upon Defendant pursuant to Federal Rule of Civil Procedure 4(d)(2).

### MEMORANDUM IN SUPPORT

On December 6, 2007, Plaintiff filed the present action alleging violations of the Fair Debt Collection Practices Act.  *See* Docket #1.  On December 13, 2007, Plaintiff's counsel mailed Defendant a copy of the Complaint along with a Notice of Lawsuit and Request for Waiver of Service of Summons. *See attached* Exhibit A.

On December 26, 2007, Defendant's agent, John Terry, telephoned Plaintiff's counsel in response to the Notice of Lawsuit and Request for Waiver of Service of Summons and left a voice message requesting a return call to discuss the case.  Plaintiff's counsel telephoned Mr. Terry and left voice messages on at least 3 occasions between December 27, 2007 and January 14, 2008 to discuss the case and inquire about Defendant's intentions regarding the Request for Waiver of Service.  Mr. Terry did not return any of Plaintiff's counsel's telephone calls.  On

1

January 21, 2008, Plaintiff filed a Request to Issue Summons. *See* Docket #7.  On January 23, 2008, the Clerk issued a Summons as to Defendant. *See* Docket Entry 1/23/08.  Plaintiff hired a private process server, Judicial Attorney Services, Inc. ("JAS"), who served Defendant on January 30, 2008. *See* Docket #8.

Where a defendant fails to waive service without good cause, the court must order that defendant to reimburse the plaintiff for the expenses incurred in making service and the expenses of any motion required to collect the service expenses. Fed R. Civ. P. (4)(d)(2).  As stated in *Thompson v. Solo*, "[f]orcing non-cooperative Defendants to pay the costs of service encourages elimination of such costs." No. 03 C 8766 2004 WL 13 85 825 (N.D. Ill. Jun. 21, 2004).  Here, Defendant failed to waive service even after several reminders of the opportunity to do so by Plaintiff's counsel.  Defendant lacked good cause for its failure to waive service.

For its services, JAS charged Plaintiff the reasonable fee of Forty Dollars ($40.00). *See attached* Exhibit B.  Additionally, Plaintiff has incurred reasonable attorney's fees of Four Hundred Dollars ($400), which covers two hours of Plaintiff's counsel's time spent on telephone calls to Defendant, preparing and filing the Request to Issue Summons, correspondence with JAS, and the preparation and filing of this Motion.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court order Defendant to reimburse Plaintiff in the amount of Four Hundred Forty Dollars ($440.00) in reasonable fees and costs incurred in perfecting formal service upon Defendant.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2008, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

Todd Philip Stelter
HINSHAW & CULBERTSON
tstelter@hinshawlaw.com

                                                s/Timothy J. Sostrin