## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Sheryl Soderdahl<br>1702 Wessel Court<br>St. Charles, IL 60174<br><br>        Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>208 S. Lasalle St., Suite 814<br>Chicago, IL 60604<br><br>        Defendant. | CASE NO.: 07 C 6901<br><br>JUDGE:   Shadur<br><br><br><br><br>**AMENDED COMPLAINT FOR<br>DAMAGES UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the time frame permitted under the FDCPA.

9. On or around August 9, 2007, Defendant telephoned Plaintiff regarding the debt and left a voice message.

10. During this communication, Defendant threatened to "file papers" with the court by the following Monday (August 13, 2007) and that Plaintiff would be served with process either at work or at home shortly thereafter.

11. On or around August 10, 2007, Plaintiff telephoned Defendant in response to the above communication.

12. During this communication, Plaintiff explained that she could not afford to make a payment on the debt and Defendant responded by accusing Plaintiff of having hidden assets.

13. During this communication, Defendant threatened that the Sheriff would serve Plaintiff at Plaintiff's place of employment on the following Tuesday (August 14, 2007).

14. During this communication, Defendant threatened to garnish Plaintiff's wages.

15. As a result of Defendant's threats, Plaintiff believed that the Sheriff would come to her place of employment and feared that she might lose her job.

16. Plaintiff informed her employer about the communications referenced above and explained that she was expecting the Sheriff to come serve her.

17. Plaintiff was extremely embarrassed about approaching her employer with this information but felt it was necessary to mitigate any potential damage to Plaintiff's employment.

18. At the time of the above communications, Defendant did not intend to file suit against Plaintiff.

19. At the time of the above communications, Defendant did not intend to send the Sheriff to Plaintiff's place of employment.

20. At the time of the above communications, Defendant had not obtained a judgment against Plaintiff.

21. Defendant did not file suit against Plaintiff on Monday August 13, 2007.

22. Defendant did not serve Plaintiff with a summons on Tuesday August 14, 2007.

23. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

24. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated and stated for the sole purpose of terrifying the Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action when such action could not legally be taken.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
   Timothy J. Sostrin
   Bar ID # 6290807
   Attorney for Plaintiff
   20 W. Kinzie Street, Suite 1300
   Chicago, IL 60610
   Telephone: 866-339-1156
   Email: tjs@legalhelpers.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, a copy of the foregoing AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

Todd Philip Stelter
HINSHAW & CULBERTSON
tstelter@hinshawlaw.com

s/Timothy J. Sostrin